IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

| | | |
|---|---|---|
| CANDANCE M. SCOTT, | § | |
| | § | |
| PLAINTIFF, | § | |
| vs. | § | CIVIL ACTION CAUSE NUMBER |
| | § | |
| AMARILLO HEART GROUP, L.L.P., | § | 2:12-CV-112-J |
| | § | |
| DEFENDANT. | § | |

### CHARGE TO THE JURY

MEMBERS OF THE JURY:

This case is submitted to you on specific questions about the facts, which you must decide from the evidence you have heard in this trial. You are the sole judges of the credibility of the witnesses and the weight to be given their testimony, but in matters of law you must be governed by the instructions in this charge.

Do not let bias, prejudice, or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

Do not consider any statement which I have made, either in the course of trial or in these instructions, as an indication that I have any opinion about the facts of the case.

Do not decide who you think should win and then try to answer the questions accordingly. You will not decide any question by lot, by drawing straws, or by the use of any other method of chance. Do not reach your result by adding together each juror's figures and dividing by the number of jurors to get an average. Further, do not do any trading on your answers as your answers and verdict must be unanimous.

All questions are to be answered by you from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

In determining whether any fact in question has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

Generally speaking, there are two types of evidence which you may consider in properly finding the truth as to the facts in the case. One is direct evidence -- such as testimony of an eyewitness. The other is indirect or circumstantial evidence -- the proof of a chain of circumstances which points to the existence or nonexistence of certain facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

The testimony of a single witness, which produces in your minds the belief in the likelihood of truth, is sufficient for the proof of any fact, even though a greater number of witnesses may have testified to the contrary, if you believe this witness and have considered all the other evidence.

The statements and arguments of counsel are not evidence.

The parties have agreed, or stipulated, to certain facts given to you as Joint Exhibit A. This means that both sides agree that these are true facts. You must therefore treat these stipulated facts as having been proven.

## Statement of the Case

Plaintiff Candance Scott alleges that Defendant Amarillo Heart Group retaliated against her because of her complaints of racial discrimination. Plaintiff alleges that the Defendant treated her differently, and less favorably, than her non-black, non-African-American co-workers. Plaintiff alleges that when she reported discriminatory behavior to her supervisors and to Amarillo Heart Group management, the Defendant did nothing to remedy the situation but, instead, terminated the Plaintiff for pretextual reasons. Plaintiff sues for lost wages and benefits.

Defendant Amarillo Heart Group denies that it discriminated against the Plaintiff, and denies that it violated any state or federal employment discrimination law with regard to the Plaintiff. Defendant alleges that all actions taken by the Defendant regarding the Plaintiff were lawful, taken in good faith, and motivated solely by legitimate, non-discriminatory, and non-retaliatory reasons. Defendant alleges that to the extent that race, or the fact that Plaintiff complained about alleged race discrimination, were factors in the termination decision, it would have taken the same action without any consideration of her race or the fact that she complained about racial discrimination. Defendant denies that the Plaintiff is entitled to an award of money damages.

**Employment Discrimination**

It is unlawful for an employer to discriminate against an employee because of the employee's race. Plaintiff does not have to prove that unlawful discrimination was the only reason the Defendant treated her differently than other employees.

If you disbelieve the reasons the Defendant has given for its decision, you may infer that the Defendant treated Plaintiff differently than other employees because she is black. At all times, the burden of proof is on Plaintiff to show that her race played a role in the employer's decision-making process.

You are instructed that a presumption of no race discrimination exists when the person who hires or promotes an individual is the same person who later terminates that individual's employment. This is because it is improbable that the same person who hires someone would suddenly develop an aversion to that person based on her race.

You are instructed that in Texas, unless the employer and employee have otherwise entered into an employment contract, the parties have an "employment-at-will" relationship. That means either the employer or employee may terminate the relationship at any time, with or without cause. The employer's termination can be for any reason, or for no reason, so long as the true reason is not an unlawful one.

You should not find that the Defendant's decision to terminate the Plaintiff was unlawful just because you may disagree with the Defendant's stated reasons, or because you believe the decision was harsh or unreasonable. Moreover, it is not necessary that the Defendant, in offering legitimate non-discriminatory and non-retaliatory business reasons for its actions and decisions, was right or correct in its reasons, but only that it believed them in good faith. An employer may terminate an employee for any non-discriminatory and non-retaliatory reason, good or bad, fair or unfair; you

should not "second-guess" that decision. You are not to substitute your judgment for that of the Defendant in its business decisions.

In order for you to find that the Defendant's reasons to terminate Plaintiff's employment were pretextual, or not the true or real reasons, Plaintiff must show that the Defendant's offered non-discriminatory reasons for the decision are not the true reasons, but are instead a pretext for discrimination, or that the Defendant's reasons, while true, are only one of the reasons for its conduct, and that the Plaintiff's race was a substantial or motivating factor in its decisions.

## Retaliation

It is unlawful for an employer to retaliate against an employee for engaging in activity protected by federal and state employment discrimination laws. To prove unlawful retaliation, Plaintiff must prove by a preponderance of the evidence that the Defendant terminated her because she engaged in a protected activity, that is, she was terminated because she complained to her employer about discrimination against her because of her race.

"Protected activity" includes opposing an employment practice that is unlawful, making a charge of discrimination, or participating in any manner in an investigation, proceeding, or hearing related to the charge of discrimination. Plaintiff must prove that she had at least a reasonable belief that the complained-of practice was unlawful under Title VII.

An employer may not take an adverse employment action, such as termination of employment, against persons who make a complaint of race discrimination. An "adverse employment action" is not confined to acts or harms that occur at the workplace. It covers those (and only those) employer actions that could well dissuade a reasonable worker from making or supporting a charge of discrimination.

Plaintiff does not have to prove that unlawful retaliation was the sole reason the Defendant terminated her. However, in order to prevail on her retaliation claim, Plaintiff must prove by a preponderance of the evidence that, but for her protected activity, Defendant would not have terminated her. If you disbelieve the reasons the Defendant has given for its employment decision, you may infer that the Defendant terminated the Plaintiff because she engaged in protected activity.

## Damages

If Plaintiff has proven her claim against the Defendant, you must determine whether the Defendant has caused Plaintiff damages and, if so, you must determine the amount, if any, of those damages. You should not interpret the fact that I have given instructions about damages as an indication in any way that I believe that any party should, or should not, win this case. I am instructing you on damages only so that you will have guidance in determining the amount, if any, a party is entitled to recover.

Plaintiff must prove her damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. On the other hand, Plaintiff need not prove the amount of her losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

You should consider the following elements of damages, and no others: 1) economic loss, which includes back and front pay and benefits; 2); compensatory damages, which include emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses; and 3) punitive damages.

Back and front pay and benefits include the amounts, if any, the evidence shows Plaintiff would have earned had she remained an employee of Defendant, and includes fringe benefits, if any, such as life and health insurance, contributions to retirement, etc., minus the amounts of earnings and benefits, if any, that the Defendant proves by a preponderance of the evidence the Plaintiff received in the interim.

If you determine that Plaintiff is entitled to front pay, consider the following factors in arriving at an amount: 1) her job prospects for a similar job; 2) the length of time that it should take

her to obtain such a job; and 3) the number of years remaining before she most probably would retire.

Do not include as compensatory damages back or front pay, or interest on back pay and/or benefits.

When considering compensatory damages, you should consider the nature, character, extent, duration and seriousness of any pain, inconvenience, mental anguish, damage to reputation, and loss of enjoyment of life. "Mental anguish" is more than mere disappointment, anger, resentment, or embarrassment, although it may include all of these.

You must not award compensatory damages more than once for the same injury. A party is only entitled to be made whole once, and may not recover more than she has lost. Compensatory damages are not allowed as a punishment, and cannot be increased or decreased to penalize the Defendant.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

## Punitive Damages

Punitive damages are those damages designed to punish a defendant and to deter a defendant and others from engaging in similar conduct in the future. In this case, you may award punitive damages if the Plaintiff proves that: 1) the individual who engaged in the discriminatory acts or practices was a managerial employee; 2) he or she engaged in the discriminatory acts or practices while acting in the scope of his or her employment; and 3) he or she acted with malice or reckless indifference to Plaintiff's legally protected right to be free from discrimination and retaliation.

If Plaintiff has proven each of these facts, then you may award punitive damages, unless the Defendant proves by a preponderance of the evidence that the conduct was contrary to its good faith efforts to prevent discrimination in the workplace.

In determining whether an employee was a "managerial employee" of the Defendant, you should consider the type of authority the employee had over the Plaintiff, and whether the Defendant delegated employment decisions to the employee.

"Malice" means a specific ill motive or wrongful intent by the Amarillo Heart Group, that is, an intent to violate the law or cause substantial injury or harm to Plaintiff Candance Scott.

An action is in "reckless indifference" to protected rights if it is taken in the face of a perceived risk that the conduct would violate the law. One acts with reckless indifference to the rights of others when he or she acts in disregard of a high and excessive degree of danger about which he or she knows, or which would be apparent to a reasonable person in his or her position.

The Plaintiff is not required to show egregious or outrageous discrimination to recover punitive damages. However, proof that the Defendant engaged in intentional discrimination is not enough in itself to justify an award of punitive damages.

In determining whether the Defendant made "good faith efforts" to prevent discrimination in the workplace, you may consider things like whether it adopted anti-discrimination policies, whether it educated its employees on the anti-discrimination laws, how it responded to Plaintiff's complaint of discrimination, whether it failed to respond adequately to discrimination of which a management-level employee knew or should have known, and how it responded to other complaints, if any, of discrimination.

In the context of awarding punitive damages, the Plaintiff must prove that the Defendant deserves punishment for the conduct of certain of its employees. Defendant is a limited liability partnership. A limited liability partnership may act only through natural persons as its partners, agents or employees and, in general, any agent or employee of a partnership may bind the partnership by his actions and statements made while acting within the scope of his authority as delegated to him by the partnership, or within the scope of his duties as an employee of the partnership. An employee acting outside his delegated authority, or outside the scope of his duties of employment, may not legally bind the partnership, unless the partnership ratified or approved the actions.

The management-level employee must be important, but need not be the employer's top management, officers, or directors to be acting in a managerial capacity. However, an employer may not be held liable for discriminatory employment decisions of managerial agents where these decisions are contrary to the employer's good-faith efforts to comply with the law, unless the Defendant ratified or approved the actions.

In deciding whether the act complained of was or was not within the scope of employment, you should consider the foreseeability that the Defendant's decision makers would discriminate against the Plaintiff because of her race.

In this case, the Defendant contends that at all applicable times, it was making good faith efforts to comply with anti-discrimination laws by conducting training and developing policies against discrimination. If you find that the Defendant was making such good faith efforts to comply, but a managerial employee of Defendant acted contrary to those efforts, then punitive damages may not be awarded to Plaintiff for that manager's actions unless the Defendant ratified or approved the actions. It is Plaintiff's burden to prove the Defendant was not making good faith efforts to comply with anti-discrimination laws and should be punished for the conduct of its agents or employees.

If you determine that the Defendant's conduct justifies an award of punitive damages, you may exercise your discretion to award those damages. In making any award of punitive damages, you should consider that the purpose of punitive damages is to punish a defendant for shocking conduct, and to deter the Defendant and others from engaging in similar conduct in the future.

The law does not require you to award punitive damages; however, if you decide to award punitive damages, you must use sound reason in setting the amount of the damages. The amount of an award of punitive damages must not reflect bias, prejudice, or sympathy toward any party. It should be presumed that the Plaintiff has been made whole by compensatory damages, so punitive damages should be awarded only if the Defendant's misconduct, if any, after having paid compensatory damages, is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence. You may consider Defendant Amarillo Heart Group's financial resources in fixing the amount of punitive damages.

If during the course of your deliberations you wish to communicate with the Court, you should do so only in writing by a written note handed to the bailiff and signed by the Foreperson.

When you are retired to the jury room to deliberate upon your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. You will select your Foreperson, and after you have reached your unanimous verdict, you will return this charge together with your written answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me.

You are further advised that the law does not require a juror to talk with anyone after he has reached his verdict unless the Court orders otherwise.

Your Foreperson will sign in the space provided after you have reached your verdict.

                                                                                       **MARY LOU ROBINSON**
                                                                                        United States District Judge

Date: March _____, 2013