# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF TEXAS

## AMARILLO DIVISION

| | | |
|---|---|---|
| CANDANCE M. SCOTT, | § | |
| | § | |
| PLAINTIFF, | § | |
| vs. | § | CIVIL ACTION CAUSE NUMBER |
| | § | |
| AMARILLO HEART GROUP, LLP, | § | 2:12-CV-112-J |
| | § | |
| DEFENDANT. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Plaintiff Candance Scott's motion, filed April 23, 2013, for an award of attorney's fees and non-taxable expenses, Defendant Amarillo Heart Group, LLP's response in opposition, and the Plaintiff's reply. For the following reasons, Plaintiff's motion for an award of reasonable and necessary attorney's fees and expenses is granted in part and denied in part.

Plaintiff Scott is a clearly the prevailing party in this case and is entitled to all reasonable and necessary costs to the extent permissible under the law. A prevailing party is ordinarily entitled to reasonable attorney's fees and costs of litigation. *Texas State Teachers Ass'n v. Garland I.S.D.,* 489 U.S. 782, 788-90, 109 S.Ct. 1486, 1491-92, 103 L.Ed.2d 866 (1989); *Hensley v. Eckerhart,* 461 U.S. 424, 431-33, 103 S.Ct. 1933, 1938-39, 76 L.Ed.2d 847 (1983).

The application for attorney's fees filed by counsel must be sufficiently detailed to allow the Court to determine what reasonable attorney's fees in the action are. *Hensley,* 461 U.S. at 441, 103 S.Ct. at 1943; *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley,* 103 S.Ct. at 1941. "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." *Id.* at 1939. Defendant does not contest the hourly rates sought, but does object to and seek a reduction in the hours sought.

Given the experience and ability of similar counsel in cases of this type in the Amarillo, Texas, legal market, the Court finds that attorneys' fees at the rate of three hundred and fifty dollars ($300.00) and two hundred and fifty dollars ($250.00) per hour are reasonable hourly rates for this case. The Court finds that the majority of the requested number of hours (186.5 and 201.7 hours) are reasonable in this case, however, the hours will be reduced by 50% for some travel time and eliminated for administrative tasks which should have been done by non-lawyer staff. The full reduction requested by Defendant is not awarded because the Defendant's actions directly caused an increase in Plaintiff's attorney's time reasonably necessary to deal with last-minute scheduling cancellations, and because part of the travel time requested was utilized to prepare for upcoming depositions and for trial. No enhancement of fees is awarded because the hourly rates and time allowed fully compensate counsel for their reasonable and necessary time for this case.

Defendant's request for further reductions in hours is denied. The hours expended by counsel on the cause of action that was not submitted to the jury are allowed as reasonable and necessary because the facts underlying all of the Plaintiff's claims were so factually intertwined it would be impossible to segregate the claims, and the objected-to relevant discovery and legal research and briefing was necessary to rebut the Defendant's defensive contentions regarding non-liability and damages.

Attorney's fees in the amount of 178 hours at $300.00 per hour for Nellie Hooper and 190 hours at $250.00 per hour for Jeffrey Smith are allowed. That results in a total of $101,150 in reasonable and necessary attorney's fees in this case.

The applicant also bears the burden of establishing entitlement to costs pursuant to 28 U.S.C. § 1920. *Id.* Not all expenses incurred during a case may be reimbursed. Only those costs provided for under 28 U.S.C. § 1920 may be taxed against the losing party. In addition to the $4,363.15 in taxable costs awarded in the Bill of Costs as already taxed, the $3,126.87 in non-taxable costs now sought include: 1) travel expenses, 2) postage, 3) mediation fees, 4) on-line legal research, 5) parking, and 6) supplies.

2

A district court may decline to award court costs listed in the statute, but may not award costs omitted from the statute. *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441–42, 107 S.Ct. 2494, 2497, 96 L.Ed.2d 385 (1987); *Coats v. Penrod Drilling Corp.,* 5 F.3d 877, 891 (5th Cir.1993), *cert. denied,* 510 U.S. 1195, 114 S.Ct. 1303, 127 L.Ed.2d 654 (1994). The standard of review is abuse of discretion. *Nissho–Iwai Co. v. Occidental Crude Sales, Inc.,* 729 F.2d 1530, 1551 (5th Cir.1984). If an objection has been timely raised, the party seeking the cost bears the burden of verifying that the costs were necessarily incurred in the case rather than just spent in preparation and litigation of the case, or for the convenience of counsel. *See Fogleman v. ARAMCO (Arabian American Oil Co.),* 920 F.2d 278, 286 (5th Cir. 1991). Defendant has not stated its objections, if any, to the additional non-taxable costs sought by the Plaintiff.

Nevertheless, costs for travel, parking, postage, on-line legal research, and supplies are not allowed. Reimbursement for those costs is not permitted by 28 U.S.C. § 1920, and postage, research and supplies are properly considered part of the overhead of running a litigation practice. The cost for one-half of the mediation fees charged to the Plaintiff will be allowed because the Court's order of referral for mediation states that the mediator's fee will be allowed as costs, and no party timely objected to that taxation.

### Conclusions

Plaintiff is allowed costs and fees, as follows: 1) the additional costs allowed are a total of $625.00, for one-half of the mediation fee; 2) a total of $101,150.00 is awarded in reasonable and necessary attorneys' fees. Attorneys' fees on appeal will be determined if and when an appeal is filed, and after all appeals are finally concluded. All other requested relief is denied.

It is SO ORDERED.

Signed this the ____ day of August, 2013.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE