IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

| | | |
|---|---|---|
| CANDANCE M. SCOTT, | § § | |
| PLAINTIFF, | § § | |
| vs. | § | CIVIL ACTION CAUSE NUMBER |
| | § § | |
| AMARILLO HEART GROUP, LLP, | § § | 2:12-CV-112-J |
| DEFENDANT. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Amarillo Heart Group, LLP's motion, filed on May 8, 2013, for entry of a take-nothing judgment, as a matter of law, on liability and punitive damages issues, and to either amend the Court's findings or to alter or amend the judgment entered in this case into a take nothing award for front pay and punitive damages or, in the alternative, for a new trial. For the following reasons, this motion is denied.

Under the specific facts of this case, the Court did not order Plaintiff Scott's reinstatement to her employment at the Amarillo Heart Group. Instead, the Court award one year of front pay in the total amount of $49,000.00, and ordered a remittitur of $9,000.00 on the jury's finding of back pay from the date of termination to the date of trial. The Court found, in its memorandum opinion and order entered of record on April 10, 2013, that there was sufficient evidence to sustain the jury's awards of damages and the Court's award of front pay.

Plaintiff proved at trial that when she reported racially discriminatory behavior to her supervisors and to Amarillo Heart Group management, the Defendant did not remedy the situation but, instead, terminated Plaintiff for pretextual reasons. The evidence at trial proved that the Defendant decided it was easier to terminate the Plaintiff than to effectively deal with the person directing the complained-of discriminatory behaviors towards the Plaintiff. The jury considered those facts, and returned a verdict in Plaintiff's favor on damages for lost wages and benefits in the past, and awarded

significant punitive damages. The jury found that the Plaintiff's termination was retaliatory because she engaged in the protected activity of complaining about race discrimination, and further found by clear and convincing evidence that Defendant Amarillo Heart Group engaged in retaliatory termination with malice or reckless indifference to Plaintiff Scott's employment rights. There was clear and convincing evidence introduced at trial supporting the jury's findings.

The Court has already found that the jury's punitive damages award was an appropriate award of punitive damages. The jury found by clear and convincing evidence that the Defendant acted with malice or reckless indifference to Plaintiff Scott's employment rights when it terminated her, because she engaged in the protected activity of complaining about race discrimination. That finding is supported by the credible evidence at trial. The damages amount found and awarded by the jury is a reasonable amount under the facts of this case. It is a sufficient amount adequate both to punish the Defendant and to deter the Defendant and others from engaging in similar conduct in the future.

The amount found and awarded by the jury is in conformance with the credible evidence regarding whether the Defendant made "good faith efforts" to prevent discrimination in the workplace, its actual anti-discrimination policies, and its actual efforts to educate its employees on the anti-discrimination laws. Considering how the Defendant actually responded to Plaintiff Scott's complaints of discrimination, how it failed to respond adequately to her reports of discrimination, and how it ultimately responded to her complaints by choosing to terminate the Plaintiff because of her reports, clearly a protected activity, both the jury's award of punitive damages and the other amounts of damages as awarded by the Court are fully warranted under the specific facts of this case.

For these reasons, the Defendant's motion is denied.

It is SO ORDERED.

Signed this the _____ day of November, 2013.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE